CRAWFORD, Chief Judge
(concurring in the result):
Appellant seeks to overturn his conviction in this case by claiming that the military judge erred in failing to admit two statements by a pretrial confinee, PV2 New, that could have been employed to exonerate ap *32 pellant. First, appellant told PV2 New that PFC Ransom pointed a gun at appellant; and second, Ransom told New that Ransom pointed a gun at appellant. Both Ransom and appellant were charged with numerous offenses, and appellant was convicted of forcible sodomy and kidnapping of the victim.
Statements may be admitted under Mil. R. Evid. 804(b)(3), Manual for Courts-Martial, United States (2000 ed.), to exonerate the defendant or implicate the defendant. Rule 804(b)(3) demands corroboration only when the defense offers an exonerating declaration against interest. There is no requirement for corroboration when the prosecution seeks to admit statements implicating the defendant. I would hold that any error in this case is harmless and leave for another day the constitutionality of Rule 804(b)(3).
The victim testified that appellant turned and looked at her several times while she was being raped. The contention that appellant was driving the car while Ransom, over an extended period of time, was raping the victim, and at the same time forcing appellant to drive the car, strains credulity. New’s testimony that appellant said Ransom pointed a gun at him was specifically denied by appellant during the trial. Likewise, Ransom’s statement that he pointed a gun at appellant is unclear and ambiguous. Additionally, as the majority indicates, Ransom’s statement did not reasonably expose him to any more criminal liability than he already faced. Because the defense failed to establish the trustworthiness of Ransom’s statement, the judge did not abuse his discretion in excluding it.